IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-00228-REB-BNB

PLATT T. HUBBELL, and
KELLEY S. HUBBELL,

    Plaintiffs,

v.

THANE R. LINCICOME, P.E.,

    Defendant.

## ORDER DENYING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on defendant **Thane R. Lincicome's Motion to Dismiss Complaint** [#9], filed March 8, 2006. The plaintiffs filed a response [#15] on March 28, 2006, and the defendant filed a reply[#20] on April 12, 2006. On January 29, 2007, the plaintiffs filed a status report [#66] , and on January 30, 2007, the defendant filed a status report [#67]. Both status reports outline relevant developments in a related case.

### I. JURISDICTION

I have diversity jurisdiction over this case under 28 U.S.C. § 1332.

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992,

997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 538 U.S. 999 (2003). Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that he can prove no set of facts entitling him to relief. ***See Conley v. Gibson***, 355 U.S. 41, 45-46 (1957); ***Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.***, 24 F.3d 125, 128 (10th Cir. 1994).

## III.  ANALYSIS

The plaintiffs in this case, Platt and Kelley Hubbell, were defendants and third-party plaintiffs in ***Alpine Bank v. Hubbell***, et al., 05-cv-00026-EWN-BNB (D. Colo.). In ***Alpine Bank***, the Hubbells filed a third-party complaint in which they asserted claims against Thank R. Lincicome. Lincicome was a third-party defendant in ***Alpine Bank*** and is the defendant in the present case. The claims asserted by the Hubbells against Lincicome in ***Alpine Bank*** and in the present case are essentially the same.

In ***Alpine Bank***, Lincicome moved to dismiss the Hubbells' claims against him based on the Hubbells' failure to file a certificate of review in compliance with §13-20-602, C.R.S. On August 10, 2006, the Honorable Edward W. Nottingham, United States District Judge, granted Lincicome's motion to dismiss the Hubbells' claims against Lincicome based on the Hubbells' failure timely to file a certificate of review. Judge Nottingham ordered that the Hubbells' claims be dismissed with prejudice. Recently,

Judge Nottingham granted the Hubbells' motion for reconsideration in *Alpine Bank*, and ordered that the Hubbells' claims against Lincicome be dismissed without prejudice. *Alpine Bank v. Hubbell*, et al., 05-cv-00026-EWN-BNB (D. Colo.), *Order* [#285], filed January 26, 2007.

In his motion to dismiss in the present case, Lincicome argues that this case must be dismissed under FED. R. CIV. P. 12(b)(6) because the claims asserted in this case are duplicates of the claims asserted against him in *Alpine Bank*. In their response to the motion to dismiss, the Hubbells indicate that they filed the present case because they feared that the statute of limitations on their claims would expire before the motion to dismiss in *Alpine Bank* was resolved. If their *Alpine Bank* claims were dismissed without prejudice, the Hubbells noted, then the filing of the present case would preserve those claims and would preclude a claim that the statute of limitations had expired.

Following Judge Nottingham's recent order in *Alpine Bank*, the Hubbells' claims in the present case are not duplicative of any claims pending in another case. Further, the Hubbells' claims in *Alpine Bank* were not dismissed with prejudice, and there is no other indication in the record that the Hubbells' claims otherwise have been resolved. In short, under the current circumstances, there is no basis to conclude that the Hubbells' claims in this case are subject to dismissal under FED. R. CIV. P. 12(b)(6).

**THEREFORE, IT IS ORDERED** that defendant **Thane R. Lincicome's Motion to Dismiss Complaint** [#9], filed March 8, 2006, is **DENIED**.

Dated January 31, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**

3

4

**United States District Judge**