**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00228-REB-BNB

PLATT T. HUBBELL, and
KELLEY S. HUBBELL,

    Plaintiffs,

v.

THANE R. LINCICOME, P.E.,

    Defendant.

---

**ORDER DENYING MOTION TO FILE INTERLOCUTORY APPEAL OR TO STAY**

---

**Blackburn, J.**

This matter is before me on **Defendant's Motion for Leave To File Interlocutory Appeal and, Alternatively, To Stay Proceedings Pending Appeal in Related Case** [#77], filed May 3, 2007. The plaintiffs have filed a response [#82]. I deny the motion.

The plaintiffs in this case, Platt and Kelley Hubbell, are defendants and third-party plaintiffs in a related case, *Alpine Bank v. Hubbell, et al.*, 05-cv-00026-EWN-BNB (D. Colo.). In *Alpine Bank*, the Hubbells filed a third-party complaint in which they asserted claims against Thane R. Lincicome, the defendant in this case, and other third-party defendants. The claims asserted against Lincicome in *Alpine Bank* and in the present case are essentially the same.

In *Alpine Bank*, Lincicome moved to dismiss the Hubbells' claims against him based on the Hubbells' failure to file a certificate of review in compliance with §13-20-602, C.R.S. While that motion was pending, the Hubbells filed the above-captioned

case. On August 10, 2006, the Honorable Edward W. Nottingham, United States District Judge, granted Lincicome's motion to dismiss the Hubbells' claims against Lincicome based on the Hubbells' failure timely to file a certificate of review.  Judge Nottingham ordered that the Hubbells' claims be dismissed with prejudice.  On January 26, 2007, Judge Nottingham granted the Hubbells' motion for reconsideration in *Alpine Bank*, and ordered that the Hubbells' claims against Lincicome be dismissed without prejudice. *Alpine Bank v. Hubbell*, et al., 05-cv-00026-EWN-BNB (D. Colo.), *Order* [#285], filed January 26, 2007.  Subsequently, I denied Lincicome's motion to dismiss in the present case.  Lincicome sought dismissal of the present case based, essentially, on the Hubbells' failure to file a timely certificate of review in *Alpine Bank*.

On March 2, 2007, Judge Nottingham entered an Order [#292] granting Alpine Bank's motion for summary judgment in *Alpine Bank*.  On March 26, 2007, Judge Nottingham signed and filed a "Final Judgment" [#300] in *Alpine Bank*.  The Hubbell's claims against the third-party defendants in Alpine Bank have not yet been resolved, but final judgment has been entered in the *Alpine Bank* case.  On April 20, 2007, the Hubbells filed a motion for reconsideration [#304] in *Alpine Bank*.  In that motion, the Hubbells seek a determination that the judgment entered in *Alpine Bank* is not final because the Hubbells' claims against six third-party defendants have not been resolved.  That motion is pending.  Meanwhile, both the Hubbells and Lincicome have filed notices of appeal in *Alpine Bank*.  On appeal, Lincicome seeks a determination that the Hubbells' third-party claims against Lincicome in *Alpine Bank* should have been dismissed with prejudice.  *Notice of Appeal* [#307], filed April 27, 2007.

Given these circumstances, Lincicome now asks me to certify my order denying

Lincicome's motion to dismiss in the present case for an interlocutory appeal under 28 U.S.C. § 1292(b). The statute provides four criteria that must be satisfied before an issue may be certified for pretrial appeal: (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation. **In re Grand Jury Proceedings June 1991**, 767 F.Supp. 222, 223 (D. Colo. 1991). I have discretion in determining whether to certify an order for interlocutory appeal under the statute. **See Swint v. Chambers County Commission**, 514 U.S. 35, 47 (1995); **Etienne v. Wolverine Tube, Inc.**, 15 F.Supp.2d 1060, 1062 (D. Kan. 1998).

Having reviewed the record in the present case and in **Alpine Bank**, I conclude that certification of an interlocutory appeal is not appropriate in this case. I agree with Judge Nottingham's conclusion that the certificate of review requirement of §13-20-602, C.R.S. is a procedural requirement. **Alpine Bank**, No. 05-cv-0026, *Order and Memorandum of Decision* [#285], filed January 26, 2007, p. 7 (citations omitted). In addition, I agree with Judge Nottingham that "dismissal with prejudice for procedural violations is a drastic sanction justified only in extreme circumstances." **Id**. p. 8 (citations omitted). Judge Nottingham concluded that the drastic sanction of dismissal with prejudice was not merited in **Alpine Bank**, and I agree. These conclusions are the heart of the issue of law on which Lincicome seeks to file an interlocutory appeal. While there may be room for a difference of opinion on these points, I conclude that, in the context of this case, there is not substantial ground for a difference of opinion that is adequate to

justify an interlocutory appeal.

In addition, I cannot conclude that an interlocutory appeal will materially advance the ultimate determination of this litigation. There is no basis to conclude that the normal course of proceedings, motions practice, and trial in the district court followed by an appeal, will not lead to a prompt determination of this litigation. More likely than not, an interlocutory appeal would interrupt and delay this process rather than advancing it.

Lincicome also seeks to stay proceedings in the present case pending resolution of his appeal in *Alpine Bank*. The United States Court of Appeals for the Tenth Circuit has tolled briefing in the *Alpine Bank* appeals pending resolution of the Hubbells' motion for relief from judgment in *Alpine Bank*, and resolution of the plaintiff's motion for certification of judgment under FED. R. CIV. P. 54(b). Given the circumstances of this case and of *Alpine Bank*, I find that a stay of this case pending resolution of the appeals in *Alpine Bank* likely will cause an unwarranted delay in the present case, which would impair the goal of achieving a "just, speedy, and inexpensive determination" of this case. FED. R. CIV. P. 1.

**THEREFORE, IT IS ORDERED** that **Defendant's Motion for Leave To File Interlocutory Appeal and, Alternatively, To Stay Proceedings Pending Appeal in Related Case** [#77], filed May 3, 2007, is **DENIED**.

Dated June 7, 2007, at Denver, Colorado.

                                          **BY THE COURT:**

                                          **s/ Robert E. Blackburn**
                                          **Robert E. Blackburn**
                                          **United States District Judge**